# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAVEN GRIFFIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY COURTHOUSE, MILWAUKEE COUNTY DISTRICT ATTORNEY'S OFFICE, TARA FERGUSON, PEDRO COLON, IRENE PARTHUM, KENNETH INGRAM, RICHARD WROBLEWSKI, ANDREW FARINA, EDUARDO GARCIA, STEPEHEN COOK, JOEL MOELLER, JOSEPH SEDJACAK, and JOHN DOES,<br><br>　　　　　　Defendants. | Case No. 18-CV-631-JPS<br><br>**ORDER** |

　　　　Plaintiff filed this action on April 19, 2018, alleging that Defendants violated her civil rights in connection with her state court criminal prosecution. (Docket #1). Though it does not appear that Plaintiff has properly served any of the Defendants, two groups of them nevertheless appeared in the case and have filed motions to dismiss. The first, filed on May 10, 2018, was submitted on behalf of Defendants Milwaukee County Courthouse, Tara Ferguson, and Kenneth Ingram. (Docket #3). The second, filed on May 17, 2018, was for Defendants Milwaukee County District Attorney's Office, Judge Pedro Colon, and Assistant District Attorney Irene Parthum. (Docket #9).

　　　　In analyzing the motions to dismiss, the Court must accept as true all of Plaintiff's well-pleaded factual allegations and draw reasonable

inferences in her favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). This task is not easy, as Plaintiff's meandering, thirty-three page complaint is heavy on irrelevant legal conclusions and light on factual content. Nevertheless, the Court gleans that Defendants are government officials and entities who were, and continue to be, involved in her criminal prosecution in Wisconsin state court. (Docket #1). She presents a litany of constitutional and other federal claims against them. *Id.* Plaintiff requests that this Court enjoin her continued criminal prosecution. *Id.*

Plaintiff's lawsuit cannot proceed in light of the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* provides that federal courts should abstain from hearing civil claims related to an ongoing state criminal prosecution. *Id.* at 53; *Tobey v. Chibucos*, 890 F.3d 634, 2018 WL 2210619, at *11 (7th Cir. 2018) ("Federal courts generally may not intervene in ongoing state criminal proceedings."). When a court applies *Younger* abstention to a civil action seeking monetary damages, it should stay rather than dismiss the case. *See Wilson v. Ill. Dep't of Fin. & Prof'l Regulation*, 871 F.3d 509, 513 (7th Cir. 2017). Here, however, Plaintiff seeks only declaratory and injunctive relief. (Docket #1 at 32–33). Thus, the only appropriate course is dismissal of this case in its entirety.

If Plaintiff believes there are infirmities in her criminal case that warrant its dismissal, or the exclusion of certain evidence due to violations of her constitutional rights, she must present those issues to the state court system within the context of that case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Plaintiff may only come to this Court seeking a writ of habeas corpus, and then only after being convicted and exhausting her appeal rights in the state court system. Because the Court applies *Younger*

without reference to the motions to dismiss, it will deny both of them as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (Docket #3 and #9) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge