# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAVEN GRIFFIN,

                    Plaintiff,

v.

MILWAUKEE COUNTY
COURTHOUSE, MILWAUKEE
COUNTY DISTRICT ATTORNEY'S
OFFICE, TARA FERGUSON, PEDRO
COLON, IRENE PARTHUM,
KENNETH INGRAM, RICHARD
WROBLEWSKI, ANDREW FARINA,
EDUARDO GARCIA, STEPHEN
COOK, JOEL MOELLER, JOSEPH
SEDJACAK, and JOHN DOES,

                    Defendants.

Case No. 18-CV-631-JPS

**ORDER**

Plaintiff brought this action to remedy alleged violations of her constitutional rights in conjunction with a state court criminal proceeding. (Docket #1). On June 11, 2018, the Court dismissed this action pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which counsels that federal courts should abstain from hearing claims based on an ongoing state criminal prosecution. (Docket #20). Plaintiff did not appeal that decision.

Instead, on July 5, 2018, she filed a "motion pursuant to 28 U.S.C. § 2284(c)(3) for review by a three-judge court of orders of single judge entered on June 11, 2018." (Docket #24). Plaintiff's motion is mistaken. Section 2284 requires a district court to convene a three-judge panel to hear cases concerning gerrymandering of legislative districts. It has nothing to do with Plaintiff's individual civil rights case. To the extent Plaintiff's motion could

be construed as a motion for reconsideration, it would still be denied. The rambling, incoherent motion is comprised mostly of meaningless generalities. Nothing therein calls into question the Court's application of the *Younger* doctrine to this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for review by a three-judge panel (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge